Filed 6/4/14  P. v. Segobia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060007 |
| v. | (Super.Ct.No. RIF10001768) |
| ALBERT VALENTINE SEGOBIA III, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is defendant and appellant Albert Valentine Segobia III's second appeal following a remand.  We find no error and will affirm.

1

I

BACKGROUND

In 2011, a jury found defendant guilty of unlawful possession of a drug, to wit heroin, in a penal institution (Pen. Code, § 4573.6, count 1),[1] and unlawful possession of a syringe in a penal institution (§ 4573.8, count 2).[2] Defendant thereafter admitted that he had suffered four prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subd. (a)). As a result, defendant was sentenced to a total term of 10 years in state prison with credit for time served as follows: six years on count 1, plus four consecutive one-year terms for each of the four prior prison term allegations; the sentence on count 2 was stayed pursuant to section 654. (See *People v. Segobia III* (Aug. 5, 2013, E055050) nonpub. opn.)

Defendant thereafter appealed his judgment in case No. E055050. In his first appeal, we reversed defendant's conviction on count 2 for "possession of heroin while in a penal institution, under section 4573.8" and also directed the clerk of the superior court

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] We note that this court in the prior nonpublished opinion relied on the amended information filed September 8, 2011, and the parties' briefs, and inadvertently referred to count 1 as unlawful possession of a *syringe* in a penal institution in violation of section 4573.6, and count 2 as unlawful possession of *heroin* in a penal institution in violation of section 4573.8. (See *People v. Segobia III, supra,* E055050.) Although the languages of sections 4573.6 and 4573.8 appear to be similar, a violation of section 4573.6 is unlawful possession of a controlled substance in a penal institution and a violation of section 4573.8 is unlawful possession of drugs or paraphernalia in prison or jail. (See § 4573.6 [felony to possess controlled substances where prisoners are kept]; § 4573.8 [felony to possess drugs or paraphernalia in prison or jail].)

to prepare an amended abstract of judgment reflecting the reversal and noting that defendant was convicted by jury, not court trial, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. (See *People v. Segobia III, supra,* E055050.)

On remand, the trial court dismissed defendant's conviction on count 2 for possession of a *syringe* in a penal institution in violation of section 4573.8 and ordered the abstract of judgment amended to "reflect jury trial—not court trial" as directed by this court. On October 15, 2013, an amended abstract of judgment[3] was filed reflecting defendant's conviction and sentence of six years in state prison on count 1 for possession of heroin in a penal institution in violation of section 4573.6, plus four one-year terms for each of the four prior prison term allegations.

II

DISCUSSION

Defendant again appealed, and upon his request, this court appointed counsel to represent him. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

---

[3] A second amended abstract of judgment was filed on March 25, 2014, amending the abstract to reflect a trial by jury.

3

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:


KING

J.


CODRINGTON

J.


4